## UNITED STATES

v.

**Leonard JOHNSON, 202 50 8865, Private First Class (E–2), U. S. Marine Corps.**

### NCM 76 1931.

U. S. Navy Court of Military Review.

Sentence Adjudged 7 April 1976.

Decided 30 Nov. 1976.

LCDR Douglas D. Foote, JAGC, USNR–R, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

BAUM, Judge:

Appellant stands convicted by special court-martial of numerous specifications under Articles 86 and 91, UCMJ, 10 U.S.C. §§ 886, 891 to which he pleaded guilty pursuant to a pretrial agreement. As the case reaches us, appellant's sentence consists of a bad conduct discharge, two months confinement at hard labor, forfeiture of $50 pay per month for two months and reduction in rate to E–1, with the bad conduct discharge suspended pursuant to the pretrial agreement and, additionally, all confinement in excess of 24 days suspended for the period of confinement and six months. Appellant's assignment of errors to the effect that two specifications fail to state offenses and that a third is improvident are without merit. There is another matter not noted by appellant, however, that must be addressed.

Having just recently been assigned to the bench, this case is the first in which I have been confronted with a pretrial agreement containing a provision as follows:

"That I understand that the convening authority will not be bound by the terms of this agreement should I engage, after the date this agreement is signed, but before the action of the convening authority, in any misconduct amounting to a violation of the Uniform Code of Military Justice, or state or federal criminal law. Should such misconduct occur and be evidenced by official records of misconduct, the convening authority may take his action on this case without being bound by the provisions of this agreement."

Previous decisions by the U. S. Navy Court of Military Review have found paragraphs similar to this one to be legal, proper, and not contrary to public policy. *United States v. Bigler*, 50 C.M.R. 818 (N.C.M.R. 1975); *United States v. Nolan*, 50 C.M.R. 360 (N.C.M.R. 1975); *United States v. May*, 49 C.M.R. 863 (N.C.M.R. 1974); *United States v. Scott*, No. 73 2553 (N.C.M.R. 22 April 1974); and *United States v. Hammonds*, No. 74 0740 (N.C.M.R. 11 April 1974). The U. S. Army Court of Military Review also affirmed such pretrial agreement terms in *United States v. Goode*, 49 C.M.R. 292 (A.C. M.R. 1974). It could be argued that upon review of the Army Court's action the U. S. Court of Military Appeals, in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) by quoting the pretrial agreement provision in the opinion and by seeming to accept the fact that a convening authority could depart from the sentencing terms agreed upon, affirmed the validity of such provisions. It should be noted, however, that the Court in that case was confronted by specific certified issues from the Judge Advocate General of the Army, which related to the question of providing a hearing for the accused before acting on the sentence and not specifically to the question of the legality of the pretrial agreement. Certainly, if the Court of Military Appeals intended to approve such a provision it was a departure from previous expressions by it that pretrial agreements should be limited to pleas of guilty for a stated approved sentence. In *United States v. Cummings*, 17 U.S.C.M.A. 376, 380, 38 C.M.R. 174, 178 (1968), the author of the majority opinion in *Goode* stated "We reit-

erate our belief that pretrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence." The same judge reasserted this principle seven days after *Goode* in *United States v. Schmeltz,* 23 U.S.C.M.A. 377, 379, 50 C.M.R. 83, 85, 1 M.J. 8, 11 (1975) by stating "This Court has never expressed full satisfaction with the practice of plea bargaining in the armed services. It has, however, repeatedly stated that pretrial agreements should concern themselves only with bargaining on the charges and sentence." Furthermore in *United States v. Holland,* 23 U.S.C.M.A. 442, 443, 50 C.M.R. 461, 462, 1 M.J. 58, 59 (1975), authored by a judge who concurred in *Goode,* it was stated, again, after *Goode,* that, "On many occasions, petitions have been reviewed by this Court in which a guilty plea was entered pursuant to a pretrial agreement. Our approval of these arrangements in subsequent opinions, however, was not intended either to condone or to permit the inclusion of indiscriminate conditions in such agreements, even when initiated or concurred in by the accused. Moreover, this reservation is sustained by other opinions of this Court that prove the contrary. Indeed, the many and varied schemes that have been employed in disposing of charges by way of the guilty plea route have demanded our continued scrutiny of the plea bargaining process." In light of these clear cut pronouncements it seems that if the Court of Military Appeals was, in fact, passing on the legality of a pretrial agreement provision permitting the convening authority to void the sentencing terms upon subsequent misconduct of the accused, it certainly would have spelled out the reasons for the provision's validity after giving it careful scrutiny. Such does not appear in *Goode.* No clue is given in that case as to the rationale supporting a "no misconduct" provision. Since the Army Court of Military Review was reversed, *albeit* on other grounds, *Goode* provides a very weak foundation, indeed, for the proposition that terms such as the one in the instant pretrial agreement are acceptable to the U. S. Court of Military Appeals. We must look then to Army and Navy decisions for the solid underpinning necessary to support such agreements. In so doing, I must disagree with the views previously expressed on this matter by my brothers on this Court and in the Army.

In *United States v. May, supra,* Judge Williams finds such a provision valid after synthesizing and then applying a rule concerning pretrial agreement provisions which require more of an accused than his guilty plea. That rule, as phrased by Judge Williams, is that a provision requiring more of an accused than his guilty plea is invalid only if it is "against public policy", is "repugnant to civilized sensibilities" or requires the accused to forego "statutory or constitutional rights." He found terms voiding the sentence portion of the pretrial agreement, upon the accused's commission of an act of misconduct, not in conflict with these criteria. Assuming, without deciding, the correctness of the rule announced in that case, I would apply it to the instant provision and find it requires declaring such a provision void. It is both repugnant to civilized sensibilities and against public policy to permit a convening authority to renounce a promise with respect to a sentence, after the accused pleads guilty in reliance on that promise. Misconduct committed after the accused pleads and is found guilty can be punished by separate, independent action and should, in my view, be irrelevant with respect to the convening authority's agreed action on the sentence. As stated in *United States v. Cox,* 22 U.S.C.M.A. 69, 71, 46 C.M.R. 69, 71 (1972):

"In the pretrial negotiations, the convening authority occupies a strong bargaining position. Frequently the convening authority's motive for consummation of the deal is a grant of clemency. However, the convening authority, as a bargainer, also benefits from such an agreement by his command not having to conduct a contested court-martial. The bargaining street is two way, not one way." [1]

---

1. In *Cox* the Court held that pretrial agreements do not carry with them an implied condi-

tion such as encountered in the instant case and noted that it was not called upon to decide

To allow the convening authority, who, from his strong bargaining position, can demand terms such as the instant ones, to reap the benefits of the pretrial agreement by having the accused plead guilty and then avoid the terms beneficial to the accused, offends against fundamental fairness and certainly turns such an agreement into a one way street. For this reason alone I would strike down all such provisions as void and against public policy. There are also other valid reasons for doing this, however.

Both the Navy and Army Courts of Military Review in *Scott, Bigler,* and *Goode, supra* cite *United States v. Lallande,* 22 U.S.C.M.A. 170, 46 C.M.R. 170 (1973), in approving pretrial agreement conditions prohibiting misconduct. Interestingly enough, Judge Williams in *May, supra,* expressly chose not to consider that case in reaching his decision. I find *Lallande,* rather than supporting the validity of such provisions, pointing another way to their illegality. In *Lallande,* both Judge Quinn, writing for the majority, and Judge Duncan, concurring in part and dissenting in part, looked closely at the statutory authority for setting terms of probation and in so doing found only two provisions in the Uniform Code of Military Justice relating to probation. Article 71, UCMJ authorizes a convening authority to suspend the execution of a sentence, thereby empowering him to grant probation with respect to such suspension, and Article 72, UCMJ, provides for vacating such a suspension for violation of the probation. In the words of the U. S. Supreme Court, as quoted by Judge Duncan from *Affronti v. United States,* 350 U.S. 79, 83, 76 S.Ct. 171, 174, 100 L.Ed. 62, 66 (1955), "Federal judicial power to permit probation springs solely from legislative action."[2] Since only two provisions of the Uniform Code of Military Justice relate to probation, both with respect to suspension of court-martial sentences, I conclude that conven-

ing authorities, legally, have no power to place an individual in a probationary status except as they act in suspending a court-martial sentence—even if an individual agrees or requests such a probationary status. In my view, the quoted provision of the instant pretrial agreement places the accused in a probationary status from the date it is signed until the convening authority acts on the case, violation of which may result in approval and execution of a greater sentence than agreed upon. In the absence of any statutory authority to establish such a probationary status, I find it illegal and therefore of no effect. Finally, as an additional reason for voiding such a provision, I would look to the authority within the naval service for entering into pretrial agreements. The regulation permitting their use in the naval service is Sec. 0114 of the JAG Manual. I find no authority in that regulation for a provision that permits the convening authority to avoid his agreed sentence action upon the accused's commission of subsequent misconduct. I would, therefore, strike down the instant pretrial agreement provision for that reason also, as it exceeds the scope of the JAG Manual authority for entering into pretrial agreements.

Undoubtedly, the provision encountered in this case was considered particularly necessary by those who devised it to meet the situation that could arise when a convening authority agreed to suspend all or a portion of the approved sentence and the accused committed an act of misconduct before such suspension was effected. Such misconduct might have appeared to those drafters to be outside the scope of the probationary period set by a suspension and therefore not usable as a basis for vacating it. They, therefore, came up with this ingenious provision that would enable the convening authority to avoid suspending the sentence in such situations. Not only is this device illegal, for the

---

the enforceability of express provisions requiring good behavior.

2. *United States v. Lallande,* 22 U.S.C.M.A. 170, 175, 46 C.M.R. 170, 175 (1973).

reasons set forth above, but it is also unnecessary for situations in which the convening authority has agreed to suspend all or a part of the sentence. *United States v. Williams*, 21 U.S.C.M.A. 292, 295, 45 C.M.R. 66, 69 (1972) makes it clear that "misconduct which takes place between the date of a court-martial sentence and that on which a probationary action is signed, may be considered in a hearing to revoke probation under Article 72(a) . . . ."

Before leaving this subject completely I feel it important to point out just one example of the potential for evil inherent in the use of pretrial agreement provisions prohibiting misconduct for an unspecified period until the convening authority acts. Such an example may be found in the recent case of *United States v. Menard*, No. 76 0205 (N.C.M.R. 17 November 1976) decided by this Court. Although disapproved on other grounds, with no provision prohibiting misconduct involved, that case graphically underscores the potential for harm to an accused. In *Menard* the accused pled guilty pursuant to a pretrial agreement and was found guilty but the convening authority did not act on the sentence for ten and one-half months. Had there been a "no misconduct" provision in that agreement and were it deemed legal that accused would have remained in a probationary status, waiting for a sentence, longer than most lawful probations associated with suspended sentences. Such a lengthy indeterminate probationary period, which must be served free from misconduct in order to get the convening authority to comply with his promised sentence action clearly offends against "civilized sensibilities."

For the reasons enunciated in this opinion I find the quoted paragraph from the instant pretrial agreement void. I do not consider the remainder of the agreement tainted, however, and since all the other terms have been met, the sentence may be affirmed without regard to the invalid provision.

The findings and sentence as approved and partially suspended below are affirmed.

CEDARBURG, Chief Judge (concurring in the result):

Although I would prefer that pretrial agreements simply provide for a plea of guilty in exchange for a limitation of sentence, I do not find that the provision in the pretrial agreement in question is invalid. I consider that cases cited by Judge Baum in the principal decision provide a rational analysis of the validity of the provision and adequately address the areas with which he voices his disagreement.

GLASGOW, Judge (concurring and dissenting):

I concur in affirming the findings and sentence. However, I would permit the inclusion in the pretrial agreement the provision condemned by my brother. While that provision has not been included in the suggested form for pretrial agreements, JAGMAN A–1–e and JAGMAN A–1–f, nor is it specifically provided for in the instruction, JAGMAN 0114, in my opinion such provision is not prohibited, it does not waive any statutory or constitutional right and it is not contrary to public policy or to the rule in *United States v. Cummings*, 17 U.S. C.M.A. 376, 38 C.M.R. 174 (1968). I see nothing wrong with an accused agreeing not to further violate the criminal laws, until the convening authority has had time to act on his then current trial.