UNITED STATES

v.

Thomas J. DUGGER, 490 64 7613, Lance Corporal (E-3), U. S. Marine Corps.

NCM 76 2250.

U. S. Navy Court of Military Review.

Sentence Adjudged 19 April 1976.

Decided 20 Dec. 1976.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LTCOL P. N. Kress, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

PER CURIAM:

Consonant with his plea, the appellant was found guilty of striking four Marines in the face with his fist, in violation of Article 128, UCMJ, 10 U.S.C. § 928, and was sentenced by military judge, sitting alone as a special court-martial, to a bad conduct discharge, confinement at hard labor for sixty days, forfeiture of $220 per month for two months and reduction to pay grade E–1. The sentence has been approved on review below but the supervisory authority suspended execution of the bad conduct discharge during a probationary period.

A pretrial agreement provided, *inter alia,* for the suspension on probation of all confinement in excess of thirty days. On 9 July 1976, more than three months after trial, the convening authority approved the sentence, stating that the sentence limiting terms had not been effectuated in accordance with the terms of the pretrial agreement providing for nullification upon post-agreement misconduct. He stated that he had ordered the appellant to serve the remaining portion of his confinement beginning on 6 July 1976. Inasmuch as the confinement had not been suspended or deferred, the appellant should have been credited with having served all of the adjudged confinement prior to the action of the convening authority. This error was noted by the supervisory authority who credited the appellant with uninterrupted full service of his confinement from the date of trial. However, it appears that the appellant was improperly confined for thirty days, less credit, if any, for good conduct, after 6 July 1976. In view of this error, we make an appropriate mitigation in the sentence.

Accordingly, the findings of guilty and only so much of the sentence as provides for a bad conduct discharge (suspended), confinement at hard labor for sixty days and reduction to pay grade E–1 are affirmed.

BAUM, Judge (dissenting):

Appellant stands convicted by special court-martial, judge alone, of four specifications under Article 128, UCMJ, to which he pleaded guilty pursuant to a pretrial agreement. He was sentenced to a bad conduct discharge, confinement at hard labor for 60 days, forfeiture of $220 per month for two months and reduction in rate to E–1. Both the convening and supervisory authorities approved the sentence as adjudged, without suspension, when they initially acted on the record, despite terms of the pretrial agreement which called for the convening authority to suspend, for nine months, the execution of confinement in excess of 30 days. The supervisory authority by subsequent action on 15 October 1976 suspended the bad conduct discharge for 12 months. The convening authority in his action of 9 July 1976 gives his reason for failing to meet the sentence terms of the agreement, as follows:

"On 6 July 1976, I rescinded the pretrial agreement and ordered the accused to serve the remaining portion of his sentence to confinement at hard labor for striking a commissioned officer, showing disrespect to a noncommissioned officer, and by being drunk and disorderly in breach of his agreement to refrain from acts of misconduct prior to the convening authority's action, as set forth in the pretrial agreement."

In *United States v. Johnson,* 2 M.J. 600 (N.C.M.R.1976), I expressed the opinion that a provision in a pretrial agreement prohibiting subsequent misconduct by the accused is illegal. As in that case, I would find the provision in the instant pretrial agreement purporting to void the sentencing terms upon the commission of any act of misconduct by the accused to be itself void for the same reasons set forth in *Johnson, supra.* As I stated in that case, such a provision: is against public

policy; attempts to create a probation which the convening authority is not authorized by statute to establish; and exceeds the scope of pretrial agreements authorized by the JAG Manual, section 0114. Ironically, if the convening authority had complied in a timely fashion with the sentence portion of the agreement, by suspending the confinement in excess of 30 days before it ran, he could have legally vacated the remaining confinement and forced the accused to serve it based on misconduct committed subsequent to trial but prior to the suspension. *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972). Instead of doing this, however, he illegally "rescinded" the pretrial agreement on 6 July 1976 and ordered the accused to serve the remaining portion of the sentence to confinement. On that date there was no confinement left to serve, since the confinement had commenced on 19 April 1976, the date it was adjudged, and had run out 60 days later, in June. Accordingly, despite the declaration in the staff judge advocate's review that the convening authority's action in this respect was a nullity and the administrative determination by the staff judge advocate that the accused's confinement was pretrial in nature, the fact remains that the convening authority failed to fulfill his sentence promise to the accused and illegally ordered confinement on 6 July 1976, when there was no confinement left to be served. As stated by the U. S. Supreme Court in *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), "when a plea rests in any significant degree on a promise or agreement . . . so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Since the convening authority's promise in this case was not kept and fulfillment with respect to the sentence cannot now be ordered, it leaves only the alternative of rendering the pleas of guilty improvident. Accordingly, I would set aside the findings of guilty and order a rehearing pursuant to Article 66, UCMJ.