**UNITED STATES**

v.

**Carl E. PRYOR, 136 50 2733, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 77 0238.**

U. S. Navy Court of Military Review.

2 June 1977.

LT Michael E. Blount, JAGC, USNR, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, DUNBAR and GLADIS, JJ.

NEWTON, Senior Judge:

Drink, a pool game and refusal to give away a dime provide the bizarre setting for this case. Lance Corporal J was playing an evening game of pool. The appellant asked J to give him a dime. J refused. The appellant pushed J against a wall and slapped him. Appellant then left the scene, on departure obtaining the butt end of a pool stick. He went outside and attacked three innocent, uninvolved bystanders, striking each at least once with the cue. The latter three attacks were totally unprovoked and unanticipated by the victims. In fact, each victim was ignorant of the appellant's presence until he brutally attacked them.

The trial judge found the appellant guilty, on plea, of simple assault and battery and three offenses of aggravated assault. Appellant was sentenced to a dishonorable discharge, 3 years confinement, total forfeitures and reduction to the lowest pay grade.

The appellant's pleas were provident. Colonel Keever, the military judge, in exemplary fashion determined the providency issue and inquired as to potential defenses, e. g. intoxication and sanity.

The appellant had entered a pretrial agreement before trial, which provided in part for the maximum period of confinement to be 27 months. The agreement contained a clause which operated to cancel the sentencing portion of the agreement in the event the appellant committed an act of misconduct, amounting to a violation of the Uniform Code of Military Justice, between the completion of trial and the date of the convening authority's action. The clause further required the misconduct to be evidenced by an official record. On occurrence of that event, the agreement left the convening authority free to approve the sentence as adjudged by the court.

Appellant was found to have committed an assault and battery against a fellow prisoner after trial and prior to the convening authority's action. He was punished by his commanding officer for that offense. The convening authority rescinded the sentencing portion of the pretrial agreement and approved the sentence awarded by the court.

In a document entitled "Assignment of Error", appellant observes that the noted portion of the pretrial agreement is void, citing *United States v. Johnson*, 54 C.M.R. 435, 2 M.J. 600 (N.C.M.R.1976), without stating the relief sought by reason of the assignment. Of course, we note and grant appellant's request for waiver of oral argument—the remaining portion of his "Assignment of Error."

We specifically reject the error assigned for the reasons succinctly stated by Chief Judge Milano in *United States v. Bigler*, 50 C.M.R. 818 (N.C.M.R. 1975); and in consonance therewith, this panel is compelled to reject the conclusion of at least one of our brothers in *United States v. Johnson, supra*.

The appellant received no more, or less, than he bargained for. The burden to behave lawfully after trial was not unreasonably imposed, or unreasonably to be expected of him. That he did not so behave is shown beyond doubt. No valid reason appears for complaint at this stage of the proceedings.

It is noted that the convening authority was adequately assured of the veracity of the post-trial misconduct found, through the good advice of his staff judge advocate. Had that not been the case, perhaps some doubt would arise as to the validity of the action to implement the questioned portion of the agreement. Inasmuch as an investigative procedure—hearing—opportunity to rebut was provided to appellant, no error is apparent. Attention is invited, however, to the concurring opinion in *United States v. Ping*, No. 77 0244 (N.C.M.R. 29 April 1977), in which the desirability of such clauses in pretrial agreements is questioned. Proceedings in revocation of the promised suspension require little more than that done here

and may be a more appropriate means of accomplishing the desired result. *See United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972).

The assignment of error is without substance.

The findings and sentence as previously approved are affirmed.

Judge DUNBAR and Judge GLADIS concur.