**UNITED STATES**

v.

**Daniel M. BLOOM, 360 48 4122, Lance Corporal E–3, U. S. Marine Corps.**

**NCM 77 1795.**

U. S. Navy Court of Military Review.

Sentence Adjudged 23 May 1977.

Decided 24 Jan. 1978.

---

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

1STLT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before DUNBAR, BAUM and MALLERY, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error, and the Government's

reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

BAUM, Judge (concurring):

Appellant pled guilty to various charges pursuant to a pretrial agreement that provided that any misconduct on appellant's part after trial would allow the convening authority to hold the sentencing provisions void and permit approval by him of all portions of the adjudged sentence. Appellant, citing *United States v. Green*, 24 U.S. C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976); *United States v. Elmore*, 24 U.S.C.M.A. 81, 51 C.M.R. 254, 1 M.J. 262 (1976); and *United States v. Johnson*, 54 C.M.R. 435 (Interim), 2 M.J. 600 (N.C.M.R.1976), asserts that the military judge's failure to strike this provision from the agreement has rendered the pleas of guilty improvident.

*United States v. Green, supra*, requires the military judge to strike plea bargain provisions, with the consent of the parties, that violate either appellate case law, public policy, or the judge's own notions of fundamental fairness. In *United States v. Johnson, supra*, I expressed the view that pretrial agreement provisions that permit a convening authority to void his promise with respect to the sentence upon the commission of misconduct by the appellant after trial are against public policy and are fundamentally unfair. At present, I appear to be alone in these views at the appellate level. Accordingly, I would not fault a military judge for failing to strike such a provision. I do consider it error, however, for the judge not to affirmatively indicate on the record that he believes, despite my opinions to the contrary, that provisions permitting the voiding of sentence terms by the convening authority are in accord with public policy and fundamentally fair. The judge did this in the instant case, as well as following to the letter all other aspects of the mandate from *Green, supra*.

He conducted a thorough and intelligent inquiry into the pretrial agreement, which included appropriate explanation of terms to the appellant, required queries to counsel, and responses indicating that there were no unwritten provisions and that counsel affirmatively concurred with the judge's interpretation of the agreement. Major John B. Fretwell, USMC, the judge in this case, is to be commended for his full compliance with the *Green* guidelines long before the decision in *United States v. King*, 3 M.J. 458 (C.M.A.1977) made clear the result from lapses in this area.

Although I find the judge's handling of the *Care*[1] inquiry as well as all other aspects of the trial itself to be faultless, I must express concern over trial defense counsel's expression on the record that the post trial misconduct provision was not "violative of any rights of the accused." In light of the views expressed in *Johnson, supra*, and the dissent in *United States v. Rankin*, 3 M.J. 1043, 1044 (N.C.M.R.1977), it would seem to me that trial defense counsel should be actively taking all possible steps to have post-trial misconduct provisions removed from agreements that they negotiate for their clients, unless they can affirmatively demonstrate how such provisions inure to their clients' benefit. If a convening authority insists on such a provision, then defense counsel should get that fact on the record along with information as to his attempts to dissuade his client from entering into an agreement which includes this clause; because, as I have pointed out, the accused in such a case is pleading guilty in return for a conditional promise that guarantees him nothing. If a convening authority refuses to delete such a provision and the accused insists on entering into the agreement, despite counsel's advice to the contrary, then counsel should lay the facts out on the record just as he is required to do when his client insists on requesting a bad conduct discharge against counsel's advice. A counsel who believes that he must always accede to his client's wishes is mistaken. As Chief Judge Quinn pointed out with respect to this matter in *United States*

1. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

*v. Weatherford,* 19 U.S.C.M.A. 424, 425, 42 C.M.R. 26, 27 (1970), "defense counsel is not the alter ego of the accused. There are occasions when he, not the accused, must determine his course of conduct, without impairing his obligation to represent the accused."

Counsel's failure to perceive the dangers to his client inherent in a post-trial misconduct provision, and his statement on the record that such a provision was not "violative of any rights of the accused," reflect on the adequacy of his representation. In my view, a defense counsel has not met his responsibilities to his client when he does not take steps to have such a clause removed from the pretrial agreement and to dissuade his client from agreeing to those terms if the convening authority refuses to remove the offensive provision. If, despite counsel's efforts, the accused persists in signing such an agreement, then defense counsel is obligated to lay all the facts on the record.

Since the convening authority fulfilled his promise with respect to the sentence terms in this case, I find no prejudice from defense counsel's failure to take the actions that I have enumerated as essential in meeting his responsibilities to his client. Accordingly, I would concur in affirming the findings and sentence.

## UNITED STATES

### v.

Samuel Roy HUTCHINS, 196 44 2124, Electronics Technician (Communication) Second Class (E–5), U. S. Navy.

NCM 77 1826.

U. S. Navy Court of Military Review.

Sentence Adjudged 27 July 1977.

Decided 31 Jan. 1978.