**UNITED STATES**

v.

**Glenn C. FRENCH, 119 50 6455, Private
E–1, U.S. Marine Corps.**

**NCM 77 2025.**

U. S. Navy Court of Military Review.

26 May 1978.

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, BAUM and GLADIS, JJ.

PER CURIAM:

The accused was convicted pursuant to his pleas, entered in accordance with a pretrial agreement, of behaving himself with disrespect toward a superior commissioned officer and communicating a threat, in violation of Articles 89 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 889 and 934, and, contrary to his pleas, of sleeping on post, in violation of Article 113, Uniform Code of Military Justice. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of

$248.00 per month for 3 months. Although the pretrial agreement provided for suspension of the discharge, the convening authority approved the sentence adjudged, including an unsuspended discharge, after invoking a post-trial misconduct provision which voided the agreement. Contrary to the recommendation of the staff judge advocate that the findings of the Article 113 violation be modified, the supervisory authority approved the sentence without change and the findings by implication.[1]

We reject the accused's contention that the clause in the pretrial agreement, providing that his post-trial misconduct before the date of the convening authority's action would nullify the agreement, was void as against public policy. *United States v. Jacox*, 5 M.J. 537 (N.C.M.R.1978). *See also, United States v. Pryor*, 3 M.J. 737 (N.C.M.R.1977). Although the military judge's inquiry into the terms of the pretrial agreement, including the post-trial misconduct clause, could have been more detailed, it was adequate.

It appears, however, that contrary to the requirements of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), the convening authority based his decision not to honor the sentence-suspension provision in the pretrial agreement on, among other things, matter which the accused was not afforded the opportunity to rebut before the convening authority took his action. Inasmuch as the accused had his best opportunity to obtain clemency at the convening authority level, the error could not be remedied by affording him an opportunity for rebuttal after the convening authority acted, unless the convening authority's action were set aside. In view of the length of time that has elapsed since the trial, alleged post-trial misconduct, and action of the convening authority, the ends of justice will best be served by modifying the approved sentence at this level in accordance with the sentence suspension provision in the pretrial agreement, vice returning the record for another convening authority's action. *Cf. United States v. Scott*, 4 M.J. 205 (C.M.A.1978).

The accused also complains of the unexplained approval by the supervisory authority of the finding of guilty of the Article 113 violation, contrary to the advice of his staff judge advocate, who recommended approval of the lesser included offense of dereliction of duty. We shall modify the findings, vice returning the record to the supervisory authority for the explanation required by paragraph 85c, *Manual for Courts-Martial, United States 1969* (Revised edition). The accused's remaining assignment of error is rendered moot by our disposition.

The findings of guilty of Charges II and III and the specifications thereunder are affirmed. Only so much of the finding of guilty of the Additional Charge and its specification is affirmed as finds that, at the time and place alleged, the accused was derelict in the performance of his duties as assistant duty NCO for the unit alleged by negligently failing to remain awake, as it was his duty to do, in violation of Article 92. Upon reassessment, only so much of the sentence as provides for a bad-conduct discharge, probationally suspended until 17 July 1977, confinement at hard labor for 3 months and forfeiture of $248.00 per month for 3 months is affirmed.

BAUM, Judge (concurring in part, dissenting in part):

I concur in the majority's determination that the convening authority's failure to afford appellant the opportunity to rebut adverse matter from outside the record requires corrective action. I also agree with enforcing the pretrial agreement sentence terms. I would reach this result, however, without need to address the error found by the majority. As stated in previous opinions, I consider the "post-trial misconduct" clause used by the convening authority to avoid fulfilling his sentence promise to be both fundamentally unfair and against public policy. Among other things, it permits contravention of the United States Su-

---

1. *See* MCM, 1969 (Rev.), paras. 85*c* and 89*c* (3).

preme Court's mandate in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), establishes an indefinite probation not authorized by law, and, when suspension of discharge has been agreed upon, can be utilized to abrogate Constitutional rights guaranteed in revocation proceedings. *United States v. Jacox,* (dissenting opinion) No. 77 1052, 5 M.J. 537 (N.C.M. R.1978); *United States v. Rankin,* (dissenting opinion) 3 M.J. 1043, 1044 (N.C.M.R. 1977); *United States v. Dugger,* (dissenting opinion) 54 C.M.R. 657, 658, (Interim) 1 M.J. 1069, 1070 (N.C.M.R.1976); *United States v. Johnson,* 54 C.M.R. 435, (Interim) 2 M.J. 600 (N.C.M.R.1976). I would enforce the sentence terms of the pretrial agreement because I consider the "misconduct" provision illegal and of no effect.

In addition, I find another error which requires setting aside the findings and sentence. The military judge in this case, just as in *United States v. Jacox, supra,* failed to conduct an adequate inquiry with respect to the "post-trial misconduct" clause of the pretrial agreement. The judge made no attempt to explain the ramifications of such a clause, including the procedural rights to be afforded the accused upon the convening authority's vacating of the agreement. It is impossible to determine whether the appellant, at the time the pleas of guilty were accepted, fully understood that the convening authority could void the agreement without a hearing on the basis of a controverted allegation against appellant—the situation presented in this case. Without an understanding that the "post-trial misconduct" condition of the pretrial agreement permitted such action by the convening authority, it cannot be said that appellant fully understood the effect of this condition, and thus entered his pleas of guilty with full knowledge of their meaning and effect. Since the record is deficient in this regard, the judge failed to meet the responsibilities imposed upon him by *United States v. Green,* 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976) of "assuring on the record that an accused understands the meaning and effect of *each* condition . . . .." It cannot be concluded from this record that

the pleas of guilty were, in fact, provident. Accordingly, a rehearing should be ordered. *United States v. King,* 3 M.J. 458 (C.M.A. 1977).