UNITED STATES, Appellee,

v.

Private (E-2) Richard Raul ALVAREZ, SSN 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, United States Army, Appellant.

CM 436780.

U. S. Army Court of Military Review.

13 June 1978.

Captain James J. Parwulski, JAGC, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain D. David Hostler, JAGC, and Captain Carlos A. Vallecillo, JAGC.

Captain Stephen D. Smith, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Lee D. Schinasi, JAGC.

Before CARNE, COOK and THORNOCK, Appellate Military Judges.

OPINION OF THE COURT

THORNOCK, Judge:

Pursuant to a plea of guilty the appellant was convicted by general court-martial with members of one specification of house-

breaking in violation of Article 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 930, and one specification of larceny in violation of Article 121, UCMJ. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, total forfeitures and reduction to the grade of Private (E–1). The convening authority, in accordance with a pretrial agreement, approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for one year, total forfeitures and reduction to the grade of Private (E–1).

The stipulated facts indicate that the appellant, without permission, entered the room of another soldier and removed stereo equipment of a value in excess of $100.00. With the aid of a third soldier, the equipment was placed in a borrowed car. The accused was seen placing the equipment in the car and was later apprehended and charged for his activities.

Appellant asserts three errors. First, that the court that tried him was without jurisdiction; second, that his plea was improvident because it was entered pursuant to a pretrial agreement that contained a provision against public policy; and third, that the military judge erred in instructing the court members as to the maximum sentence. We disagree and find no error. The rationale for that conclusion is discussed below.

■ In his first assigned error the appellant urges lack of jurisdiction based upon the appearance that the court-martial that tried the accused was not convened in accordance with Article 22, UCMJ, and paragraph 8, Manual for Courts-Martial, United States, 1969 (Revised edition). The charges were referred to the general court-martial convened by Court-Martial Convening Order Number 91, HQ US Army Signal Center and Fort Gordon, Fort Gordon, Georgia, dated 1 October 1977. By a series of administrative errors that order as it initially appeared in the record of trial indicated that it was issued by order of Colonel Emmett R. Arnold. It is clear from the appellate exhibits submitted by the Government that Colonel Arnold was not in command of Fort Gordon on 1 October 1977. Rather, Colonel C. E. McKnight had assumed command of Fort Gordon on 7 September 1977.[1]

Colonel Arnold assumed temporary command of Fort Gordon for short periods, but he was not in command at any time crucial to the jurisdiction of the court-martial at issue here. The appellate exhibits submitted by the Government clearly show that Colonel McKnight was properly in command on 1 October 1977, and that he selected the court that tried the accused when he was thus in command.[2]

We note that the appellant's case was actually referred to trial on 9 November 1977, by Major General William O. Hilsman. He was Colonel McKnight's successor in command and referred the case to trial "by the general court-martial convened by Court-Martial Convening Order Number 91, dated 1 October 1977."[3] That language used by Major General Hilsman referred to a specific order and a court-martial already in being, albeit appointed by his predecessor in command. Major General Hilsman's actions ratified those of his predecessor and were proper. *See United States v. Sandall,* 45 C.M.R. 660 (A.C.M.R.), *pet. denied,* 21

---

1. The assignment documentation of the commander at Fort Gordon during the crucial periods in this case is at best confusing. It was complicated by the fact that Colonel McKnight, although a Brigadier General selectee, was, in the grade of colonel, junior to Colonel Arnold, and assumed command by direction of the President, UP AR 600–20. He was appointed acting commander by TRADOC Assignment Memorandum 3, dated 26 August 1977, with an effective date of 7 September 1977.

2. For a discussion of the proper procedure for assuming temporary command and commanding at the direction of the President see AR 600–20. For a discussion of proper assumption order format see AR 310–10.

3. Parenthetically, it is noted, from the record, that Major General Hilsman, on 18 November 1977, also accepted the appellant's offer to plead guilty. The action on the case, however, was taken by Colonel McKnight, on 19 January 1978, who was the acting commander on that date.

U.S.C.M.A. 651, 45 C.M.R. 928 (1972), and the cases cited therein. By the language he used in the referral quoted *supra,* he "personally detailed" the members of the court-martial, the trial and defense counsel, and the military judge. He thus complied with Articles 25, 26 and 27, UCMJ, and the mandate of the United States Court of Military Appeals in *United States v. Newcomb,* 5 M.J. 4 (C.M.A.1978).

Accordingly, we hold that there was jurisdiction to try the appellant and that he was properly tried in strict compliance with Article 22, UCMJ, and paragraph 8, MCM, 1969 (Rev.). The discrepancy in the command line of the written order that referred to Colonel Arnold was an administrative error that did not affect jurisdiction. To hold otherwise would elevate form over substance.

■ We turn next to the appellant's allegation of the improvidence of his plea of guilty. He avows that his plea was improvident as being against public policy because of the following provision:

I understand that this agreement will be automatically cancelled upon the happening of any of the following events:

.     .     .     .     .

5. Misconduct by me prior to the approval of my sentence by the Convening Authority.

This provision, while a broad one, is not contrary to public policy. A similar provision was the subject of close scrutiny by the Court of Military Appeals in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). The provision therein was not condemned as being contrary to public policy. Further, there is no *implied* covenant that binds or limits a convening authority based on an accused's good behavior after trial and pending the convening authority's action. Therefore, the specific agreement by the appellant that his own misconduct could void the pretrial agreement is legal and binding. *United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Lallande,* 22 U.S.C.M.A. 170, 46 C.M.R. 170 (1973). In *Lallande*[4] the court, in referring to a similar provision, said,

[T]he injunction that the accused conduct himself as a reputable and law-abiding person may lack the definiteness required for conviction of crime, but disreputable conduct not amounting to crime can be indicative of rejection of responsibilities of productive citizenship. . . . [I]t, assuredly, might have been better if the convening authority had amplified the condition with more specific details as to what would constitute disreputable conduct, . . . *Even in its present form the condition is not so overbroad as to be unconscionable.* Enforcement of the condition cannot be predicated upon "whim or caprice." 22 U.S.C.M.A. at 173–74, 46 C.M.R. at 173–74 (emphasis supplied).

Accordingly, although we find that the instant provision is not contrary to public policy,[5] we urge that if such provisions are used,[6] the injunction of the United States Court of Military Appeals to amplify the conditions upon which they will be applicable be included in the pretrial agreement, and be tested for the accused's understanding of those conditions by the military

---

4. The Court of Military Appeals considered a pretrial agreement that provided that the accused would submit himself to specified probation terms and conditions including that he:

3. conducts himself in all respects as a reputable and law-abiding citizen;

4. does not associate with any known users of, or traffickers in, dangerous drugs or narcotics, or marijuana; and

5. submits his person, vehicle, place of berthing, locker and/or other assigned personal storage areas aboard a Naval vessel or command, to search and seizure at any time of the day or night, with or without a search warrant or appropriate command authoriza-

tion, whenever requested to do so by his Commanding Officer or authorized representative.

5. For a well articulated contrary position see Judge Baum's views expressed in *United States v. Jacox,* 5 M.J. 537 (N.C.M.R.1978); *United States v. Bloom,* 4 M.J. 794 (N.C.M.R.1978); *United States v. Rankin,* 3 M.J. 1043 (N.C.M.R. 1977); *United States v. Johnson,* 2 M.J. 600 (N.C.M.R.1976) and *United States v. Dugger,* 1 M.J. 1069 (N.C.M.R.1976).

6. A practice not recommended by this Court.

judge in his providence inquiry. Additionally, it would be salutary to include some mention of the standard of evidence that will be required for the invocation of such a provision.[7]

We will now discuss the appellant's third assignment of error. He urges that the military judge erred in his instructions to the jury concerning the maximum permissible sentence in that the offense of housebreaking and larceny should be considered a single offense for sentencing purposes. We disagree. It is well settled in military law that housebreaking in violation of Article 130, UCMJ, and larceny in violation of Article 121, UCMJ, are separate and distinct offenses and are thus separately punishable. *See United States v. Gibson,* 3 U.S.C.M.A. 746, 14 C.M.R. 164 (1954), and *United States v. Weaver,* 18 U.S.C.M.A. 173, 39 C.M.R. 173 (1969). Separate codal provisions have been provided by the Congress and completely separate analysis and elements of proof were included by the President in the Manual for Courts-Martial. *See* paragraph 200, MCM, 1969 (Rev.), for larceny and paragraph 209, MCM, 1969 (Rev.) for housebreaking. We decline to overrule, as appellant would have us do, such clear and convincing established law and precedent.

We have carefully reviewed the record of trial, the petition for clemency submitted by the trial defense counsel, and weighed the appellant's request for reassessment of the sentence, and find that the sentence as approved by the convening authority is appropriate.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge COOK concur.

---

**7.** *See United States v. Pryor,* 3 M.J. 737 (N.C. M.R.1977).