**UNITED STATES**

v.

**Joseph R. D'AIELLO, 110 52 4813, Private First Class E–2, U. S. Marine Corps.**

**NCM 77 1840.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 June 1977.

Decided 21 June 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and GREGORY, JJ.

GREGORY, Judge:

Appellant contends, *inter alia,* that the convening authority improperly rescinded the sentencing portion of the pretrial agreement without first affording appellant the right to rebut allegations of post-trial misconduct made against him. We agree.

Appellant was convicted at a special court-martial bench trial of a larceny of 189 field jackets of a value of $4,951.80, the property of the United States Government. He was sentenced to a bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $100.00 per month for 5 months, and reduction to pay grade E–1. Prior to trial, he had entered into a pretrial agreement that would have required the convening authority to suspend on probation any bad-conduct discharge, confinement in excess of 3 months, and forfeitures

for a period in excess of 3 months. The pretrial agreement contained, however, the following provision:

And it is further understood that any act of misconduct amounting to a violation of the Uniform Code of Military Justice, committed by me after my trial and before the date of the Convening Authority's action will cause the sentencing portion of this pretrial agreement to be null and void. Should such misconduct occur and be evidenced by official records of misconduct, the Convening Authority will be free to approve any and all portions of the sentence adjudged by the court.

Following trial, the commanding officer of the correctional facility advised the convening authority by letter of eight disciplinary reports concerning appellant for infractions allegedly committed by appellant while confined. This letter enclosed copies of the disciplinary reports and recommended that appellant's "suspended sentence be vacated" and that he be charged with these new alleged offenses. On the basis of this letter, the convening authority considered the pretrial agreement null and void, and he approved the sentence in this case as adjudged.

The convening authority did not afford appellant an opportunity to respond to the allegations against him prior to action being taken on the record. "Unquestionably, it was error for the convening authority to consider, in his deliberations on the sentence, adverse matter from outside the record without affording the accused an opportunity to rebut or explain that matter." United States v. Griffin, 8 U.S.C.M.A. 206, 207, 24 C.M.R. 16, 17 (1957). See United States v. Goode, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), and cases cited therein.

The review of the staff judge advocate discusses the action taken by the convening authority and affords appellant and his counsel an opportunity to respond pursuant to United States v. Goode, supra. In their response, an explanation was advanced as to each of the alleged acts of misconduct. Nevertheless, the sentence was approved by the supervisory authority as previously approved by the convening authority. Although appellant has been afforded an opportunity to respond to the allegations against him at the supervisory authority level, we do not view this as curing the deficiency with respect to the action of the convening authority.

In United States v. Vara, 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958), the Court of Military Appeals stated:

In United States v. Wise, 6 U.S.C.M.A. 472, 20 C.M.R. 188, this Court said that the review of an accused's sentence at the convening authority level was "his first and perhaps best opportunity to have his sentence tempered by mercy and to obtain an additional chance to prove his worth to his service, and his country." To permit an ex parte showing of a substantive offense without notice to an accused and from a questionable source would be to undermine this opportunity which rightfully belongs to an accused in military jurisprudence.

(Id. at 653, 25 C.M.R. at 157).

Under the circumstances of this case, we believe the error can best be cured by returning the record of trial to the convening authority for a new action after affording appellant an opportunity to respond to the allegations against him. Cf. United States v. Griffin, supra.

We also specifically reject any inference that might be drawn from the dissenting opinion that a "vacation of suspension" hearing may be required in cases of this nature, as well as the conclusion that the pretrial agreement inquiry in this case was inadequate. United States v. Goode, supra, indicates that hearings are not required in this type of case. In addition, we consider United States v. Bingham, 3 M.J. 119 (C.M. A.1977) and United States v. Rozycki, 3 M.J. 127 (C.M.A.1977) to be distinguishable from the instant case, where the alleged misconduct preceded the convening authority's action and suspension of the sentence was never effected. We also consider the military judge's inquiry into the pretrial agreement in this case to be quite complete.

He received appellant's acknowledgment that he had read and understood all provisions of the agreement (R. 20) and had no questions (R. 23). The post-trial misconduct provision was specifically addressed, and once again appellant indicated his complete understanding. (R. 22). We find no need for the military judge to go into further detail as to procedures the convening authority might use to rescind the agreement, if such a contingency arose, or to provide a definition of "official records" as an exception to the hearsay rule. We consider the judge's inquiry to have met the requirements of *United States v. King*, 3 M.J. 458 (C.M.A.1977) and *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), and appellant's pleas to have been voluntarily and providently entered.

Accordingly, the actions of the convening and supervisory authorities are set aside. The record of trial is returned to the Judge Advocate General for transmittal to the convening authority for action in accordance with Articles 61, 64, and 65, Uniform Code of Military Justice, 10 U.S.C. §§ 861, 864, and 865.

DUNBAR, Senior Judge concurs.

BAUM, Judge (dissenting):

This is another case in which the convening authority failed to comply with his promised action on the sentence after the accused had pled guilty in reliance on that promise. Again, the basis for this action is a clause in the pretrial agreement which permits avoidance of the sentence terms upon commission of misconduct by the accused after trial. I have previously condemned such provisions as fundamentally unfair and against public policy. Among other things, they permit contravention of the U. S. Supreme Court's mandate in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), establish an indefinite probation not authorized by law, and, when suspension of the discharge has been agreed upon, can be utilized to abrogate Constitutional rights guaranteed in revocation proceedings. *United States v. French*, No. 77 2025, 5 M.J. 655 (N.C.M.R.

26 May 1978) (dissenting opinion); *United States v. Jacox*, 5 M.J. 537, 540 (N.C.M.R. 1978) (dissenting opinion); *United States v. Rankin*, 3 M.J. 1043, 1044 (N.C.M.R.1977) (dissenting opinion); *United States v. Dugger*, 54 C.M.R. 657, 658 (Interim), 1 M.J. 1069, 1070 (N.C.M.R.1976) (dissenting opinion); *United States v. Johnson*, 54 C.M.R. 435 (Interim), 2 M.J. 600 (N.C.M.R.1976). I reaffirm all of my objections to such clauses. Additionally, I agree with the majority's determination that the convening authority committed error by failing to refer adverse matter from outside the record to appellant for comment. I must, however, disagree with their remedial action because of my views concerning these "misconduct" clauses and the requirement of *United States v. Santobello, supra*. Here, as in *Jacox*, and *Dugger, supra*, the appellant was forced to undergo confinement that should have been suspended in accordance with the sentence terms of the pretrial agreement. As stated in those cases this sentence promise should have been fulfilled in accordance with *Santobello*. Since that promise cannot now be met, the plea of guilty is rendered improvident and the findings and sentence should be set aside.

As a further matter, I find that the trial judge in this case, just as in *United States v. French* and *United States v. Jacox, supra*, failed to conduct an adequate inquiry with respect to the "post-trial misconduct" provision. Here, the judge made no effort whatsoever to explain the ramifications of the provision or the means by which it could be invoked. He made no attempt to address the question of whether or not appellant was entitled to a hearing because of *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977) and *United States v. Rozycki*, 3 M.J. 127 (C.M.A.1977). If he thought no hearing was required, no effort was made to ensure that appellant understood this interpretation. He did not even explain that purported offenses prompting invocation of the "misconduct" clause had to be ". . . evidenced by official records of misconduct . . ." and shown to appellant for possible rebuttal, as the convening

authority subsequently failed to do. As in *United States v. French, supra*, it is impossible to determine whether the appellant, at the time the pleas of guilty were accepted, fully understood that the convening authority could void the agreement, without a hearing, on the basis of controverted allegations of violations of confinement regulations not shown to appellant—the situation presented in this case. Without an understanding that the "post-trial misconduct" condition of the pretrial agreement permitted such action by the convening authority, it cannot be said that appellant fully understood the effect of this condition, and thus entered his pleas of guilty with full knowledge of their meaning and effect. Since the record is deficient in this regard, the judge failed to meet the responsibilities imposed upon him by *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976) of "assuring on the record that an accused understands the meaning and effect of *each* condition . . .." It cannot be concluded from this record that the pleas of guilty were in fact, provident. Accordingly, on this basis also, the findings and sentence should be set aside and a rehearing ordered as required by *United States v. King*, 3 M.J. 458 (C.M.A.1977).