**UNITED STATES, Appellee,**

v.

**Private E1 Carl L. GREENE, 099–56–5253, United States Army, Appellant.**

**ACMR 9101459.**

U.S. Army Court of Military Review.

11 Feb. 1992.

For Appellant: Captain Michael P. Moran, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, the appellant was convicted by a military judge sitting as a special court-martial of an unauthorized absence, disobedience of an order, larceny, forgery (four specifications), and false swearing, in violation of Articles 86, 92, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 921, 923, and 934 (1982), respectively [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for five months, forfeiture of $502.00 pay per month for five months, and reduction to Private E1, but suspended the confinement in excess of four months for a like period of time.

The appellant lied to military criminal investigators as they were questioning him on post about criminal charges against him. During the plea inquiry, he admitted that he lied to them while under oath and that his conduct was discrediting to the military in violation of Article 134, UCMJ. He now contends that his plea of guilty of the offense of false swearing is improvident because the military judge failed to elicit a sufficient factual basis for the plea. Specifically, the appellant alleges that the trial judge failed to ascertain on the record how his conduct, occurring as it did on a military installation, violated the service-discrediting clause of Article 134, UCMJ. *See United States v. Caballero,* 49 C.M.R. 594 (N.C.M.R.1976), while the appellant asserts the appropriate remedy is to disapprove the bad-conduct discharge, *see United States v. Hilt,* 18 M.J. 604 (A.F.C.M.R.1984).

(C.M.A.1975). We disagree with the appellant's argument and hold that his pleas were provident.

There is legal authority in support of the appellant's assertion that, before the element of discrediting conduct under Article 134, UCMJ is proved, the record must establish that the conduct either be committed in or be known to the civilian community. *See United States v. Ratajczak*, 43 C.M.R. 1007, 1012 (A.F.C.M.R.), *pet. denied*, 43 C.M.R. 413 (C.M.A.1971) (citing cases holding that discrediting conduct normally must be public in nature). Conversely, the government's opposing position finds support in *United States v. Lowe*, 16 C.M.R. 228 (C.M.A.1954), wherein the Court of Military Appeals held that drunkenness may be discrediting to the armed forces whether or not it occurs in public. "The gravamen of the offense is not the locus as such, but the discrediting circumstance." *Id.* at 232; *see also United States v. Davis*, 26 M.J. 445 (C.M.A.1988). In an analogous situation, the court has similarly reasoned that disgraceful or dishonorable conduct in violation of Article 133, UCMJ, 10 U.S.C. § 933, does not depend on where the offense was committed but whether, if known, its commission would tend to lessen the public reputation and esteem of the officer offender and the officer corps. *United States v. Guaglione*, 27 M.J. 268 (C.M.A.1988); *United States v. Norvell*, 26 M.J. 477 (C.M.A.1988); *United States v. Dallman*, 32 M.J. 624 (A.C.M.R.), *pet. granted*, 34 M.J. 15 (C.M.A.1991).

"Some acts by their very nature are prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. They generally are offenses that involve a degree of moral turpitude." *United States v. Light*, 36 C.M.R. 579, 584 (A.B.R.1965). False swearing is such an offense.

It is not necessary that an accused explain how an offense is prejudicial to good order and discipline or is service discrediting. *United States v. Arrington*, 5 M.J. 756 (A.C.M.R.), *pet. denied*, 6 M.J. 46 (C.M.A.1978). However, it is necessary that he or she admit that the conduct alleged is prejudicial to good order and discipline or service discrediting. *United States v. Stener*, 14 M.J. 972, 974 (A.C.M.R.1982). In the instant case, the military judge's inquiry accomplished precisely that and was therefore adequate to establish that appellant's false swearing to a criminal investigator on a military installation was discrediting to the armed forces.

We have considered the appellant's other assigned error and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge GRAVELLE concur.