UNITED STATES, Appellee,

v.

Private E2 Fred YANCEY, Jr., 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, United States Army, Appellant.

ACMR 9200750.

U.S. Army Court of Military Review.

25 Feb. 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Clement B. Lewis, III, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of one specification of absence without leave, one specification of distribution of marijuana, seven specifications of making worthless checks, five specifications of receiving stolen property, and six specifications of providing false information in violation of a Colorado Statute, in violation of Articles 86, 112a, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, 923a, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to Private E1. In accordance with a pretrial agreement, the convening authority reduced the confinement to thirty months but otherwise approved the sentence.

■ Appellant asserts that the military judge erred by accepting appellant's pleas of guilty to violating a Colorado statute because federal legislative jurisdiction over the locus of the offenses was not established during trial. He also asserts that the pleas to this offense should not have been accepted because the military judge did not establish how appellant's conduct was prejudicial to good order and discipline or service discrediting. We disagree and affirm.

An example of the six specifications in question reads, in pertinent part, as follows:

[that appellant] did, at or near Colorado Springs, Colorado ... wrongfully and unlawfully provide false information to the management of U.S. Pawn Inc., in violation of Title 12, Article 56, Colorado Re-

vised Statutes, Sections 103 and 104, to wit: the accused did knowingly and falsely hold himself out to be the rightful owner of a home receiver ... the property of Private First Class [M] to an employee of U.S. Pawn Inc., for the purpose of encumbering the said property in direct contravention of the property rights of the lawful owners, said conduct being prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces. When announcing the nature of the charges, the trial counsel stated, "The general nature of the charges in this case are: ... Specifications 6 through 11, providing false information to a pawn shop owner, in violation of Colorado law, *as assimilated into the UCMJ*" (emphasis added).

The Assimilative Crimes Act, 18 U.S.C. § 13, is applied under the third clause of Article 134, UCMJ, while conduct prejudicial to good order and discipline and discreditable conduct is applied under the first and second clauses. Manual for Courts-Martial, United States, 1984, Part IV, para. 60c. Where appropriate, charges may be brought under any one of the three clauses. *United States v. Williams*, 29 M.J. 41, 42 (C.M.A.1989).

In the case before us, the allegation itself indicates that the offense occurred in the local community, Colorado Springs, and not on the military installation. The Assimilative Crimes Act would not apply since the crimes did not occur on a place over which there was exclusive or concurrent federal jurisdiction. *See United States v. Perry*, 12 M.J. 112 (C.M.A.1981) (memorandum opinion and order). Accordingly, the drafter of the allegations apparently intended for the offenses to be charged under the first and second clauses of Article 134. In that case, the trial counsel's announcement that the state statute was assimilated was erroneous. On the other hand, the specification may have been a flawed attempt to allege the offenses under the third clause of Article 134, UCMJ. In any event, an offense under the first and second clause is alleged. *See United States v. Mayo*, 12 M.J. 286 (C.M.A.1982) (a specification in which allegations of fact

are insufficient to establish a violation of a federal statute may be sufficient to allege conduct prejudicial to the good order and discipline or discrediting conduct). Thus, appellant's contention that the military judge erred by accepting the plea "because federal legislative jurisdiction over the locus of the offenses was not established at trial" is without merit. There was no requirement to establish federal legislative jurisdiction over the locus of the offenses.

Appellant also contends that the military judge did not establish how appellant's conduct was prejudicial to good order and discipline or service discrediting. A service member may not be found guilty of an offense under Article 134, UCMJ, solely because his conduct violates a state statute; his conduct must be of a nature to bring discredit upon the armed forces. *United States v. Sadler*, 29 M.J. 370, 375 (C.M.A.1990). The statutory violation is to be considered as a circumstance in determining whether the conduct is service discrediting. *Id.* Conduct by its very nature may be prejudicial to the good order and discipline or of such a nature to bring discredit upon the armed forces. *United States v. Greene*, 34 M.J. 713, 714 (A.C.M.R.1992); *United States v. Light*, 36 C.M.R. 579, 584 (A.C.M.R.1956).

In the case before us, the military judge advised appellant that his conduct must be to the prejudice of good order and discipline of the armed forces or of a nature to bring discredit upon the armed forces. He defined this element for appellant. Appellant acknowledged that he understood the definitions. Appellant admitted to the military judge that he took property of other soldiers to the pawn shop and signed a false statement that he was the owner of the property. Although he did not know that the false statement violated the Colorado statute at the time, it is clear from the providence inquiry that he knew of the violation at the time of trial. Appellant also acknowledged to the military judge that his conduct was prejudicial to good order and discipline and was discreditable conduct. Under the circumstances of this

case, we hold the pleas of guilty to these offenses were provident. *See Greene,* 34 M.J. at 714; *United States v. Stener,* 14 M.J. 972 (A.C.M.R.1982); *United States v. Arrington,* 5 M.J. 756, 758 (A.C.M.R.1978).

The remaining assertions of error, to include those personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.