**UNITED STATES, Appellee,**

v.

**Specialist Curtis R. ANDERSON, JR., 296–70–4240, United States Army, Appellant.**

**ACMR 8800175.**

U.S. Army Court of Military Review.

9 Nov. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain Harry C. Wallace, Jr., JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before FELDER, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Senior Judge:

Appellant pleaded guilty at a special court-martial to two specifications of attempted larceny of military property in violation of Article 80, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 880 (1982). The military judge sentenced him to a bad-conduct discharge, confinement for three months, forfeiture of $447.00 pay per month for three months, and reduction to the grade of Private E1. The convening authority approved the discharge and reduction but reduced the confinement and forfeiture periods to sixty days each.

On appeal, appellant asserts that his "guilty plea to attempted larceny of Specification 1 was improvident as a matter of law since appellant lacked the requisite specific intent." The government responded, in general terms, that the plea of guilty is provident under the standards set forth in *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

The facts that gave rise to the conviction are not in dispute. The parties stipulated that on 17 July 1987, while performing his duties as supply clerk, appellant discovered that palladium was a material that could be ordered through the Army supply system. Out of curiosity, he ordered fifteen ounces of palladium at a cost of $146.50 an ounce. He described the item on the request form as an alloy. After appellant discovered about a week later that palladium is a precious metal, on 27 July 1987, he submitted two more orders for palladium. Each order requested twenty-five ounces of palladium. Once again, he described palladium as an alloy. The three orders were ultimately transmitted to the Defense Industrial Supply Center in Philadelphia, Pennsylvania, where they were disapproved because they were not accompanied by a letter of justification.

The attack by appellant on the providence of his plea of guilty relates only to his conduct on 17 July 1987. The question concerning providence arose out of the following exchange between the military judge and appellant:

MJ: You work in supply, is that correct?

ACC: Yes, sir.

MJ: You're familiar with how the supply system works?

ACC: Yes, sir.

MJ: And you know that when you need things you go through the books and find what you need and you fill out a form and your (sic) make a requisition for it and sooner or later it shows up, is that correct?

ACC: Yes, sir.

MJ: So you were just going through the books and what not and you came across this particular item?

ACC: Yes, sir. I was curious to see if it would come in and see what it was.

MJ: How did you select this one, I mean there's an awful lot of things out there?

ACC: Because I never heard of this item, and at the time it was listed on the AMDF at $22.00 and I was curious to see what it was the first time.

MJ: So, when you first ordered the first one you did so out of curiosity?

ACC: Yes, sir.

MJ: Then before that came in, before you got it, your further research led you to find out that it was at least a semi-pre-

cious metal of considerable value, is that right?

ACC: Yes, sir.

MJ: What I'm getting at here is first you ordered it out of curiosity you said, but when did you decide that, "Hey, this is a pretty good deal, if this stuff comes in I can make some money on it." When was it that you decided that?

ACC: About a week after that, sir.

MJ: This is while you were doing your research?

ACC: Yes, sir.

MJ: And you said, "Hey, if I get this stuff I can make some money on it," is that correct, or something like that?

ACC: Yes, sir.

MJ: And it was at that time then that you formed the intent that if you got this you were going to keep it, or deprive the government of it?

ACC: Yes, sir.

An attempt is a frustrated effort to intentionally commit a certain crime. *United States v. Powell*, 24 M.J. 603, 607 (A.F.C.M. R.1987). To constitute an attempt, a specific intent to commit a crime must be accompanied by an overt act which directly tends to accomplish it. Manual for Courts-Martial, United States, 1984, Part IV, para. 4(c)(1) [hereinafter MCM, 1984]. If the specific intent and the overt act do not co-exist, there is no attempt. *United States v. Gonzalez–Rodriguez*, 7 M.J. 633, 636 (A.C. M.R.), *petition denied*, 7 M.J. 263 (C.M.A. 1979).

■ In this case, the providence inquiry and stipulation of fact reveal that appellant's motive for ordering the palladium on 17 July 1987 was to satisfy his inquisitiveness about the metal. The providence inquiry does not establish that on that date he intended to permanently keep the government property. According to appellant, that decision was not manifested until a week later. At the time appellant ordered the palladium, however, he at least intended to appropriate it to his benefit until his curiosity was satisfied. The combination of the overt act of ordering the palladium and the specific intent to obtain and keep it for as long as it took to satisfy his curiosity, constitutes an attempt to wrongfully appropriate government property, not larceny. We have no way of determining how long appellant would have kept the palladium, but we do know that the providence inquiry fails to establish that on 17 July 1987 he intended to keep it permanently. Nevertheless, the law against attempted wrongful appropriation is offended whenever there is an unsuccessful effort to temporarily acquire government property for personal fulfillment: physical, emotional or psychological.

Therefore, we find an insufficient basis to warrant affirming a plea of guilty to the offense of attempted larceny.[1] We do, however, find that the plea was provident to the lesser included offense of attempted wrongful appropriation. MCM, 1984, Part IV, para. 4(d). *See United States v. Diamond*, 5 M.J. 650 (A.F.C.M.R.1978); *United States v. Macklin*, 47 C.M.R. 195 (N.C. M.R.1973).

■ Accordingly, only so much of the finding of guilty of Specification 1 of the Charge as finds that the appellant did, at Fort Bliss, Texas, on or about 17 July 1987, attempt to wrongfully appropriate 15 ounces, more or less, of palladium, a precious metal, of a value of about $1,352.00, military property of the United States, in violation of Article 121, UCMJ, is affirmed. The remaining findings of guilty also are

---

1. Perhaps the parties thought that the formulation of the intent to permanently deprive, while the order was being processed, would suffice to establish attempted larceny. If so, that theory is presently at odds with the general law of attempt, which requires the specific intent and overt act to co-exist. If that theory had been pursued, however, this court would have had to reevaluate the vitality of the law as it applies to an order-placement scenario. Alternatively, the parties might have thought the appellant's responses during the providence inquiry established that he always intended to permanently deprive the government of the palladium, and that his comments about satisfying his curiosity and making a profit related only to his motives. This view is difficult to reconcile with appellant's statement which strongly suggests that the larcenous intent was first formed a week after the order was placed. In any event, this ambiguity was not clarified during the providence inquiry.

affirmed. In reassessing the sentence on the basis of the error noted and the entire record, only so much of the sentence as provides for a bad-conduct discharge, confinement for 60 days, forfeiture of $447.00 pay per month for two months, and reduction to the grade of Private E1.[2]

Judge GILLEY and Judge GIUNTINI concur.

---

**2.** The approved sentence erroneously expresses forfeiture of pay in days instead of months. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(2).