**UNITED STATES,**

v.

**Joseph R. PILLOW, Seaman Apprentice, U.S. Coast Guard.**

**CGCMS 23915.**
**Docket No. 923.**

U.S. Coast Guard Court of
Military Review.

31 July 1989.

Trial Counsel: LCDR Stanley T. Fuger, USCG.

Assistant Trial Counsel: LT Alfred G. Santos, USCG.

Defense Counsel: LT N.E. Grasselli, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Before Panel Two, BAUM, BARRY and GRACE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, pursuant to his pleas of guilty, was convicted by special court-martial, judge alone, of three specifications of unauthorized absence, willful disobedience of a petty officer, violation of a lawful general regulation and larceny of $2,024.50 in violation of Articles 86, 91, 92 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 892, 921. The judge sentenced appellant to a bad conduct discharge, confinement for five months, forfeiture of $200.00 per month for five months and reduction to pay grade E–1. Thereafter, the convening authority mitigated the sentence in accordance with the terms of a pretrial agreement by suspending for six months the forfeitures and all confinement in excess of 60 days. The remainder of the sentence was approved as adjudged. Before this Court, appellant, through written brief and oral argument, challenges the providence of his guilty pleas, asserting in six assignments of error that matters inconsistent with guilt to each of the offenses were raised by the accused's answers to questions from the judge during the plea providence inquiry mandated by *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969).

■ Appellant, citing Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845, *United States v. Davenport*, 9 M.J. 364 (CMA 1980) and *United States v. Moglia*, 3 M.J. 216 (CMA 1977), submits that a plea of guilty must be rejected by the military judge and a not guilty plea entered if an accused sets up matters inconsistent with guilt, including making statements which on their face raise possible defenses. We agree with this statement of settled case law and caution judges to be alert to responses from an accused that are incompatible with guilty pleas. Unless such matters are cleared up by further questioning, so that the accused's answers are consonant with the pleas by factually supporting all elements of the offenses, by foreclosing possible defenses, and by reflecting a guilty state of mind, the judge must reject the pleas and proceed to a trial on the merits. See the explication of the law on

this subject in *United States v. Lee*, 16 M.J. 278 (CMA 1983). See also Judge Barry's separate opinion in *United States v. Coleman*, 28 M.J. 656, 658 (CGCMR 1989). As noted by appellate defense counsel during oral argument and confirmed by records referred to this Court, there appears to be an increase in the number of guilty plea courts-martial within the Coast Guard, particularly those with pretrial agreements. It therefore behooves Coast Guard trial judges to be especially attuned to the requirements for accepting such pleas. Here, despite a careful, probing inquiry by the trial judge, which resulted in the rejection of one plea of guilty, unresolved matters still remain with respect to some of the offenses.

■ When questioned by the judge about the first alleged absence, the accused responded that he failed to go at the time prescribed for morning quarters, arriving fifteen minutes late when he was not awakened after placing a wake up call. The judge did not pursue this matter any further. Applying the principles from *United States v. Lee, supra,* we find that appellant's statement, without amplification and taken at face value, raises the possibility that failure to report on time was based on the accused's reasonable reliance on being awakened as requested. His absence, therefore, may have been "without fault" under the terms set out in the discussion relating to Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 in Part IV, paragraph 10c(6), Manual for Courts–Martial, 1984. For that reason, and in the interest of judicial economy, as in *United States v. Lee, supra,* we will set aside the finding of guilty to specification 1 under Charge I and dismiss that offense.

■ In contrast to the handling of the accused's answers concerning his failure to report for quarters on time, we note that the judge did pursue in detail a possible defense to specification 2 of Charge I raised by the accused's statement that his absence was caused by car trouble and lack of funds. The judge, through additional questions, established that the accused's asserted car trouble could have been rea-sonably foreseen and that his failure to take the necessary precautions to ensure his return to Coast Guard Base, Mayport at the time required precluded a possible "without fault" defense. Accordingly, the plea of guilty to specification 2, Charge I is deemed to be provident.

■ The third absence offense was alleged to have covered the period from "on or about 0930, 14 June 1988 [to] ... on or about 1530, 15 June 1988." Specification 3 of Charge I from Charge Sheet, Record of Trial between pages 9 and 10. The accused again made statements that were inconsistent in certain respects with the alleged offense. In this instance, his answers conflicted with a plea of guilty to the time the alleged absence commenced. The accused stated that at approximately 0900, 14 June 1988, he had received permission to go to sick call to refill a prescription and was there for that purpose from approximately 0935 to 1100. While that statement prevents approval of the absence as alleged, the accused readily acknowledged that at approximately 1100 he left sick bay and went to his girl friend's house, without permission, remaining there until he returned to the base at 1530 the next day. Accordingly, as in *United States v. Sprague*, 25 M.J. 743, 746 (ACMR 1987), we have no hesitation affirming an absence from 1100, 14 June 1988 to 1530, 15 June 1988.

■ The accused's irreconcilable statements were not limited to the absence offenses. During the judge's inquiry into the larceny allegation, the accused said he intended to return the money that was the subject of the larceny. This answer is incompatible with an essential element of that offense, the intent to permanently deprive the owner or another person of the use or benefit of the property. Despite the judge's further questioning on this matter, the accused continued to adhere to the position that he intended to return the money. Notwithstanding the accused's statement in this regard, the judge accepted the plea and entered a finding of guilty to larceny, possibly because of the following explanation provided by defense counsel:

DC: His [the accused's] response is your honor, that .. that he intended to return the money, but that he finds and feels that there is sufficient evidence to support that he intended to permanently deprive Hamilton of his money.

Record of trial at 49.

Based on that comment, the judge questioned the accused further, as follows:

MJ: Is .. is that correct?

ACCUSED: Yes, your honor.

MJ: In viewing all the evidence then you think the evidence would be sufficient?

ACCUSED: Yes, your honor.

MJ: To prove legally the intent to permanently deprive. Is that correct?

ACCUSED: Yes, your honor.

Record of trial at 49.

Unfortunately, reliance on these assurances by the accused and counsel are, under the circumstances of this case, insufficient to support a guilty plea to larceny. If the accused had said that he was unable to recall his intent, due to inebriation at the time—or memory loss for some other reason—the law would permit acceptance of a guilty plea, if the accused acknowledged that a review of the evidence had convinced him that he had the requisite intent. *United States v. Penister*, 25 M.J. 148, 153 (CMA 1987); *United States v. Moglia, supra*, at 218 (CMA 1977); *United States v. Luebs*, 20 USCMA 475, 43 CMR 315 (1971); and *United States v. Butler*, 20 USCMA 247, 43 CMR 87 (1971). That is not the situation here. The accused did not say that he was convinced by the evidence that he had the intent to permanently deprive the victim of his money. Moreover, while he recognized that the evidence was sufficient to "prove legally" the requisite intent, he never retreated from his insistence that he always intended to return the money. Accordingly, a not guilty plea to larceny should have been substituted for the guilty plea.

■ In reaching this conclusion, we are mindful of the dilemma *United States v. Penister, supra,* undoubtedly posed for the trial judge in this case. In *Penister*, the Court of Military Appeals said that a military judge may not arbitrarily reject a guilty plea and went on to find no inconsistency between the accused's responses and his pleas of guilty which would justify rejection of the pleas. That holding, along with Judge Cox's concurring opinion, could have led the judge here to conclude that a rejection of the plea would have been error after the accused acknowledged the efficacy of the evidence bearing on intent. The judge's concern with not arbitrarily rejecting the accused's guilty plea is certainly understandable in light of *Penister*, particularly after considering the expression in the concurring opinion that unequivocal admission by the accused of every offense element is not required. Upon unhurried reflection, however, a luxury indulged in by appellate courts that is rarely available to the trial judge, we note that the accused in *United States v. Penister* was unable specifically to recall certain acts, rather than affirmatively stating circumstances inconsistent with guilt. We believe the majority opinion and Judge Cox's concurring views in that case must be read in the context of these facts, which are distinctly different from what occurred here. The finding of guilty to larceny cannot be affirmed. The accused's pleas and answers fully support the lesser included offense of wrongful appropriation, however, which contemplates an intent to temporarily deprive. Approval of that lesser offense is within our authority. *United States v. Fernengel*, 11 USCMA 535, 29 CMR 351 (1960); *United States v. Anderson*, 27 M.J. 653 (ACMR 1988); *United States v. Diamond*, 5 M.J. 650 (AFCMR 1978); and *United States v. Macklin*, 47 CMR 195 (NCMR 1973).

■ The remainder of appellant's assertions with respect to the other guilty pleas are rejected. In so doing, we note that, while the guilty plea inquiry with respect to the Article 91 offense of willful disobedience of a petty officer reflects that the accused ultimately completed the task ordered, it was equally clear that the accused was directed to commence the work immediately. By the accused's own acknowledgment he did not comply as ordered, taking time to finish smoking his cigarette instead. For that reason, appellant's argu-

ment with respect to the Article 91 offense is rejected. The pleas of guilty to that offense as well as the violation of a lawful regulation under Article 92 were provident.

In light of the foregoing: the finding of guilty of specification 1 of Charge I is set aside and the specification is dismissed; only so much of the finding of guilty of specification 3 of Charge I as finds the accused did at 1100, 14 June 1988 absent himself without authority from his unit as alleged and did remain so absent until on or about 1530, 15 June 1988, is affirmed: only so much of the finding of guilty of the specification under Charge IV as finds the accused did at the time and under the circumstances alleged wrongfully appropriate money of a value of about $2,024.50, the property of FN Daniel G. Hamilton, USCG, is affirmed; the remaining findings of guilty are affirmed. Applying the principles of *United States v. Sales*, 22 M.J. 305 (CMA 1986), the sentence has been reassessed in light of the modified findings. Upon such reassessment, we have determined the sentence to be appropriate and should be approved. Accordingly, the sentence as approved and partially suspended below is affirmed.

BARRY and GRACE, JJ., concur.