UNITED STATES

v.

Maurice C. THOMAS, Radarman
Second Class.

CGCM 24075.
Docket No. 1022.

U.S. Coast Guard Court of
Military Review.

4 May 1994.

Trial Counsel: LCDR B.F. Binney, USCG.

Detailed Defense Counsel: LT T.S. Lo-Bue, JAGC, USNR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT John F. Koeppen, USCG.

Before Panel Three BAUM, BRIDGMAN, and FEARNOW, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by a special court-martial. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of one specification of unauthorized absence for approximately 18 days, one specification of missing movement by design, one specification of wrongful appropriation of a rental car, and five specifications of unlawful uttering of checks with intent to defraud, in violation of Articles 86, 87, 121, and 123a, UCMJ, 10 U.S.C. §§ 886, 887, 921, 923a.

The court composed of officer members sentenced Appellant to a bad conduct discharge, confinement for two months, and reduction to pay grade E–3. That sentence was within the terms of the pretrial agreement and, as such, was approved by the convening authority. Appellant has assigned six errors before this Court. Briefs having been submitted, and oral argument having been heard, the case is ready for decision.

*I*

WHETHER THE FINDING OF GUILTY OF WRONGFUL APPROPRIATION BASED ON APPELLANT'S PLEA MUST BE SET ASIDE BECAUSE MATTERS INCONSISTENT WITH THE PLEA WERE RAISED DURING THE PROVIDENCE INQUIRY.

Appellant contends that the finding of guilty of wrongful appropriation of a rental car must be set aside because he gave answers to the military judge that were inconsistent with a plea of guilty to that offense. Citing R.C.M. 910(e), *U.S. v. Adams,* 33 M.J. 300 (C.M.A.1991), and *U.S. v. Clark,* 28 M.J. 401, 407 (C.M.A.1989), Appellant submits that his responses raised possible defenses that required the judge, at a minimum, to inquire further before accepting the plea of guilty. Without additional development by the judge, Appellant says the pleas must be deemed improvident.

In 1989, this Court provided clear guidance to military judges on such matters. After agreeing with the defense statement that, "a plea of guilty must be rejected by the military judge and a not guilty plea entered if an accused sets up matters inconsistent with guilt, including making statements which on their face raise possible defenses," we cautioned judges to be alert to responses from an accused that are incompatible with guilty pleas. *U.S. v. Pillow,* 28 M.J. 1008, 1009 (CGCMR 1989). The Government characterizes *U.S. v. Pillow* as establishing a "mere possibility of conflict" standard which the Government says was subsequently rejected, "for the more realistic 'substantial basis' test" in *U.S. v. Prater,* 32 M.J. 433, (CMA 1991). P. 2, Appellate Government brief.

▮ We believe the Government is mistaken on both counts. This Court did not establish a "mere possibility of conflict" test in *U.S. v. Pillow, supra.* Statements by an accused, which on their face raise potential defenses to a crime, are inconsistent with guilt and, thus, are in direct conflict with a plea of guilty. If adhered to by an accused, such statements provide a substantial basis for rejecting the plea. That was the message of *U.S. v. Pillow, supra,* which is consistent

with *U.S. v. Prater, supra,* and also in accord with the discussion following R.C.M. 910(e).

That discussion includes the following:

> If any potential defense is raised by the accused's account of the offense or by other matters presented to the military judge, the military judge should explain such a defense to the accused and should not accept the plea unless the accused admits facts which negate the defense.

R.C.M. 910(e) Discussion

■ Turning to the particulars of the instant case, we note that a confessional stipulation of fact and the accused's responses to judicial queries provided the basis for accepting the guilty pleas. After the stipulation of fact was received in evidence, the judge explained the elements of the offenses and asked the accused to recount in his own words what happened. Whereupon, the accused gave a statement covering all the offenses. From the record, that narrative account appears to have been a reading of a prepared statement, developed with the assistance of counsel. Such statements, like confessional stipulations, may be helpful to a judge in conducting the plea providence inquiry, but they are not a substitute for an account in the accused's own words.

The judge attempted to elicit that kind of explanation when he asked the accused the following: "Now again in your own words Petty Officer Thomas, why did you wrongfully withhold the rental car from Budget Rent–A–Car after the time that you were suppose[d] to return it?" When the accused responded in his own words, two potential defenses were raised: (1) that the company had actually authorized retention of the car beyond the contract return date and (2) that Appellant lacked the requisite criminal intent because he believed that he had authority to retain the car. See R.C.M. 916(j) *Ignorance or mistake of fact.*

The confessional stipulation makes it clear that the rental company did not authorize extended possession of the car because it states as fact that a demand notice for the car's return was sent to Appellant's home in Omaha, Nebraska, and a report of the car's theft was made to the police. That stipulation of fact, however, does not state that Appellant was aware of the demand notice or of the company's theft report. Moreover, it does not answer in some other way the question whether Appellant mistakenly believed he had authority to retain the vehicle. The judge's inquiry fails to answer that question also.

The issue of mistake of fact was raised when Appellant said: "I still—I was still authorized that car at the time [five days after the contract return date]. It was placed on my credit card and was approved. If it was not approved I would not—," at which point, the record indicates that Appellant was interrupted by the judge and the statement was left unfinished. ROT 21. The record does not show further pursuit of this matter or of another answer that followed, reflecting that Appellant may have believed his wife had confirmed with the company its assent to his possession of the car beyond the contract date. In this regard, the stipulation of fact does state that the accused's wife in Omaha, Nebraska, talked to the rental company on a date 13 days after the contract's stated return date.

These responses provide a substantial basis for questioning whether Appellant had the necessary guilty intent. As such, they are in direct conflict with a plea of guilty. In reaching our conclusion, we recognize that this Court has the advantage of reading a written record, which we must assume records precisely what the accused said, while the military judge must deal with the spoken word and make decisions on what he or she understood the accused said. We also have additional assistance from appellate counsel who have discerned and focused upon the words attributed to the accused in the record.

■ Nevertheless, even without a written record to rely on or the same type of counsel assistance, the judge must be alert to the spoken answers from an accused that in some way conflict with a guilty plea. Those responses must be followed up and, if not resolved by the accused consistently with the guilty plea, then a not guilty plea must be entered. If there is any doubt as to what the accused meant by a response, the judge

should seek further clarification. Without answers from the accused in this case satisfactorily resolving the question whether he believed he had authority to possess the rental car up until the day he was apprehended for unauthorized absence, the plea of guilty must be deemed improvident. For this reason, the finding of guilty of wrongful appropriation must be set aside.

*II*

WHETHER THIS CASE MUST BE RETURNED FOR A NEW STAFF JUDGE ADVOCATE'S RECOMMENDATION AND CONVENING AUTHORITY'S ACTION BECAUSE OF INACCURATE INFORMATION PRESENTED TO THE CONVENING AUTHORITY CONCERNING APPELLANT'S AWARDS AND DECORATIONS.

Appellant submits that the medals and awards which an accused is entitled to wear are an important aspect of the staff judge advocate's recommendation to the convening authority, noting that R.C.M. 1106(d)(3)(B) specifically requires their listing in the recommendation. Citing *U.S. v. Demerse*, 37 M.J. 488 (CMA 1993), Appellant argues that omission of significant awards constitutes plain error and that several such awards were omitted from the recommendation in this case necessitating return of the record for a new action.

The Government acknowledges that several awards which the military judge included in his instructions to the members were missing from the staff judge advocate's recommendation, but contends that only one of those awards was required to be noted by the staff judge advocate. The Government cites as its authority R.C.M. 1106(d)(3)(B), which requires that the staff judge advocate's recommendation contain a summary of the accused's *service record*, to include, among other things, awards and decorations received. The Government argues that only one of the missing awards was reflected in a service record entry and, therefore, its omission was the only error.

In an effort to support this argument, the Government has moved for leave to file a chart purporting to summarize the treatment of Appellant's awards in the record and by Coast Guard regulations. In this regard, the Government has also moved that we take judicial notice of certain Coast Guard regulations. In turn, Appellant has asked us to judicially note other regulations bearing on service record entries and opposes our considering the Government's chart as being inaccurate and an inappropriate attempt to supplement the record.

■ We find it unnecessary to scrutinize either the regulations offered by both parties or the Government's chart in order to resolve the issue since we take a broader view than the Government of the term "service record" in R.C.M. 1106(d)(3)(B). For that reason, the motions to judicially note various regulations by both parties and the Government's motion to file a chart are denied. From our perspective, "service record" in the pertinent rule for court-martial can be read to mean an accused's record of service, which should include medals and awards to which the accused is entitled.

■ If this information can be found in the record of trial or an accused's written service record book then it should be included in the staff judge advocate's recommendation. Our interpretation of R.C.M. 1106(d)(3)(B) does not require a staff judge advocate to search beyond these sources for evidence of awards entitlement, but, if that evidence is readily available, it should be included in the recommendation to the convening authority. Here, the record of trial provides the missing awards.

Those awards were: the Coast Guard Meritorious Unit Commendation, the Coast Guard Bicentennial Unit Commendation Ribbon, the Coast Guard Humanitarian Service Medal, the Coast Guard Antarctic Service Medal, the Coast Guard Rifle Marksmanship Ribbon, and the Coast Guard Pistol Sharpshooter Ribbon.

It was error for the staff judge advocate to omit those awards from his recommendation to the convening authority. Having reached this conclusion, the next issue is whether that error was waived by defense counsel's failure to note the omission in a response to the

recommendation. Appellant argues that the missing awards are significant enough to be considered plain error, which cannot be waived. The authority he cites for this assertion is *U.S. v. Demerse, supra.*

That case involved a failure to bring to the convening authority's attention the accused's Vietnam service decorations. The Court found that omission so significant that it constituted plain error. We are unaware of any other Court of Military Appeals decision extending this ruling beyond the facts of that particular case, however. Certainly the language of the opinion appears to focus entirely on the importance of Vietnam service and, by summary disposition in another case, the Court has indicated that *Demerse* does not have unlimited applicability.

In *U.S. v. Lynch*, 39 M.J. 37 (CMA Summary Disposition 1993), the Court held that failure of the staff judge advocate to inform the convening authority that appellant was entitled to wear the Sea Service Deployment Ribbon was error. The defense counsel had failed to draw the convening authority's attention to this omission, but the Court did not say that it was plain error. The Court found the error was not prejudicial and affirmed.

 Nevertheless, Appellant has brought to our attention a decision of the Navy–Marine Corps Court of Military Review that arguably applies the plain error rule to an omission relating to service in Southwest Asia during Operations Desert Shield and Desert Storm. *U.S. v. Rubes*, NMCM 93 00930 (NMCMR Dec. 20, 1993). A disclaimer on the face of this opinion says, "AS AN UNPUBLISHED DECISION, THIS OPINION DOES NOT SERVE AS PRECEDENT." Despite this disclaimer, we are certainly free to accord whatever consideration we deem warranted to the decision. See *U.S. v. Webster*, 37 M.J. 670, 678 n. 9 (CGCMR 1993) and *U.S. v. Edmond*, 37 M.J. 787, 796 (CGCMR 1993) where this Court cited and discussed unpublished opinions of the Navy–Marine Corps Court of Military Review. Having said that, we find that *Rubes*, like *Demerse, supra*, relates to service possibly involving combat. At best, then, we believe the plain error rule applies only to decorations for service related to armed conflict.

No basis can be found by us for extending the ruling of *U.S. v. Demerse, supra*, to the kind of awards we have here. Accordingly, we deem the staff judge advocate's mistake in failing to include all of Appellant's medals and decorations in the recommendation to the convening authority, while error, was not plain error. The defense's failure to object to this omission by the staff judge advocate constitutes waiver of the issue. For that reason, Appellant's second assignment of error is rejected.

### III, IV, V, and VI

 In his third assignment of error, Appellant contends that he was prejudiced by improper sentencing argument by trial counsel. No objection to the argument was made at trial. Any error in this regard was also waived. The remaining assignments have been resolved against Appellant by the U.S. Supreme Court and the U.S. Court of Military Appeals in *Weiss v. U.S.*, — U.S. —, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994) and *U.S. v. Carpenter*, 37 M.J. 291 (CMA 1993).

### Conclusion

In light of the foregoing, the finding of guilty of the specification alleging wrongful appropriation under Charge III in violation of Article 121, UCMJ is set aside. In the interest of judicial economy, that charge and specification are dismissed, rather than returning the record for further proceedings. The remaining findings of guilty are deemed correct in law and fact and are affirmed.

 Upon reassessment of the sentence in light of the affirmed findings of guilty, we are satisfied that no lesser punishment would have been imposed by the court if the dismissed finding of guilty had not been considered. We have also determined that the sentence is appropriate for the remaining offenses. It is correct in law and fact and should be approved. Accordingly, the sentence approved below is affirmed.

Judges BRIDGMAN and FEARNOW concur.