# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Dylan L. SANCHEZ
### Machinery Technician First Class (E-6), U.S. Coast Guard

## CGCMS 24417

## Docket No.  1320

## 19 November 2010

Special Court-Martial convened by Commander, Coast Guard Sector New Orleans.  Tried at New Orleans, Louisiana, on 7 January 2009.

| | |
|---|---|
| Military Judge: | CDR Benes Z. Aldana, USCG |
| Trial Counsel: | LCDR Curtis E. Borland, USCG |
| Defense Counsel: | LT Jason S. Ayeroff, JAGC, USN |
| Appellate Defense Counsel: | LCDR J. S. Howard, USCG |
| | LT Shadrack L. Scheirman, USCG |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |
| | LCDR Douglas K. Daniels, USCG |

## ON RECONSIDERATION
## BEFORE
## McCLELLAND, McGUIRE & SELMAN
### Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); two specifications of wrongful disposition of military property, in violation of Article 108, UCMJ; and two specifications of larceny, in violation of Article 121, UCMJ.  The military judge sentenced Appellant to confinement for eight months, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged, and suspended confinement in excess of sixty days in accordance with the pretrial agreement.

Before this Court, Appellant assigned as error that Appellant was prejudiced by an erroneous Staff Judge Advocate's Recommendation that failed to include his length and character of service, and misled the Convening Authority. On 29 July 2010, we set aside the Convening Authority's action, and remanded the record for a new Staff Judge Advocate's Recommendation and Convening Authority's action.

After issuing our decision, this Court realized that a provision of Rule for Courts-Martial (R.C.M.) 1106(d)(3), Manual for Courts-Martial, United States (2008 ed.) that we had cited[1] had been eliminated by Executive Order 13468 of July 24, 2008, which took effect well before the trial in this case. On 5 August 2010, we withdrew the opinion of 29 July 2010, announced that we would reconsider the case, and requested new briefs.

Appellant continues to assert that Appellant was prejudiced by an erroneous Staff Judge Advocate's Recommendation that misled the Convening Authority. We agree, and remand the record for a new Staff Judge Advocate's Recommendation and Convening Authority's action.

**Facts**

Appellant's personnel records appear in the record of trial as Prosecution Exhibits 2 and 3, the Personnel Data Record (PDR) maintained at the servicing personnel office and the PDR at Coast Guard Personnel Command respectively. These exhibits reflect one Coast Guard Achievement Medal dated 2005, one Commandant's Letter of Commendation dated 2004, and two positive Administrative Remarks ("page 7s") dated 2004 and 2006. Several awards appear in Defense Exhibit B: the same and a second Coast Guard Achievement Medal, the same Commandant's Letter of Commendation, and two Good Conduct Medals dated 2003 and 2006, in addition to two unit awards. On the negative side, Prosecution Exhibits 2 and 3 include a record of nonjudicial punishment in October 2000 and four negative Administrative Remarks dated December 2000, August 2002, October 2002, and August 2003. Prosecution Exhibit 4 contains a listing of Appellant's evaluations ("marks") from 2000 through 2008. These evaluations were positive from 2003 until the period ending in May 2008, before his offenses occurred.

---

[1] Both parties had cited the provision in their briefs.

The Staff Judge Advocate's Recommendation (SJAR) for Appellant's case presents the pleas, findings and sentence reached during the court-martial; the fact that Appellant had no previous convictions, information about the October 2000 nonjudicial punishment, and a list of the four negative administrative remarks, all under the heading "Summary of MK1 Sanchez's Personnel Data Record (PDR);" and advisory material normally found in a SJAR. It contains no mention of Appellant's awards and decorations, positive administrative remarks, or evaluations. Trial defense counsel had submitted a clemency package shortly after trial, but did not submit anything further after the SJAR.

**Appellant's Motion to Attach**

As part of his Brief Upon Reconsideration, Appellant filed a motion to attach Appendix A, CG Direct Access Honors and Awards Screen Capture, which is a two-page document apparently from the Coast Guard's "Direct Access" personnel database, showing Appellant's name and sixteen entries of honors and awards apparently received by Appellant. Seven of the honors or awards shown in Appendix A are reflected in Prosecution Exhibit 3 or Defense Exhibit B or both; Defense Exhibit B also includes an award not shown in Appendix A.

We decline to grant the motion to attach Appendix A, a document presented without authentication or other foundation such as would be expected before admitting it as evidence at trial. It is not clear what about Appendix A is relevant to our decision that could not have been produced before the Convening Authority's action. Appendix A would not make any difference to our decision. Accordingly, the motion to attach is denied.

**Discussion**

R.C.M. 1106, implementing Article 60(d), UCMJ, requires that before action is taken on a special court-martial case that includes a bad-conduct discharge, the convening authority's staff judge advocate or legal officer must provide a written recommendation. It provides:

> The purpose of the recommendation of the staff judge advocate or legal officer is to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative. The staff judge advocate or legal officer shall use the record of trial in the preparation of the recommendation, and may also use the personnel records of

the accused or other matters in advising the convening authority whether clemency is warranted.

R.C.M. 1106(d)(1).[2]

R.C.M. 1106(f)(6) provides, "Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." In order to prevail under a plain error analysis, Appellant must show (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Halsey*, 62 M.J. 681, 683 (C.G.Ct.Crim.App. 2006). The third element is satisfied if Appellant makes "some colorable showing of possible prejudice." *Halsey*, 62 M.J. at 683 (quoting *Kho*, 54 M.J. at 65).

Appellant complains that the SJAR selectively summarized only the most negative information from his service record, all from early in his Coast Guard career, and omitted any mention of his more recent awards and other positive information. He contends that the resulting skewed SJAR constitutes plain and obvious error, because it substantially misrepresents the character of Appellant's service. He further argues that the error, by misleading the Convening Authority during consideration of clemency, was prejudicial.

The Government argues that under R.C.M. 1106(d)(1), the SJA has unfettered discretion to "use" an accused's service record in any way he chooses, according to his professional judgment, in providing advice to the Convening Authority, as long as what he provides is accurate, and that any omission of favorable information was for Appellant's Defense Counsel to remedy, under R.C.M. 1106(f).

We agree with the Government that whatever information the SJA provides from an accused's service records must be accurate. We do not agree with the notion, implicit in the Government's argument, that an unbalanced selection from an accused's service record, containing considerable negative information but none of the more recent positive information,

---

[2] Per Executive Order 13468 of July 24, 2008.

can be characterized as accurate. If service record information is included in the SJAR, it must provide a fair portrayal, not a misleading one. In this case, we have no trouble concluding that the presentation of negative information accompanied by the omission of significant positive information, substantially misrepresenting the character of Appellant's service, constituted error. Further, we agree with Appellant that it was an obvious error. It is clear from the record that any knowledgeable person perusing Appellant's service records would see some positive information as readily as the negative information that the SJAR presented, and would know that it was at least as significant, if not more.

On the question of prejudice in a case of error in an SJAR concerning awards and decorations, we look to *United States v. Demerse*, 37 M.J. 488 (C.M.A. 1993), and its progeny. In *Demerse*, the SJAR failed to note the appellant's Vietnam awards and decorations. At the time, R.C.M. 1106(d)(3)(B) required that the SJAR include information on the accused's awards and decorations. This requirement led the Court of Military Appeals to conclude that omission of Vietnam service decorations was clear or obvious error. *Id.* at 492. The court went on to find prejudice, citing *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988), and emphasizing the importance of Vietnam service. *Demerse*, 37 M.J. at 492-93.

Later cases that cite *Demerse* offer further guidance. The appellant in *United States v. Thomas*, 39 M.J. 1078 (C.G.C.M.R. 1994) had unit, service (Antarctic, humanitarian), and marksmanship decorations; the appellant in *United States v. Lynch*, 39 M.J. 37 (C.M.A. 1993) (summary disposition), cited in *Thomas*, had a sea service ribbon. Omissions of these were held not to amount to plain error because not prejudicial. In *United States v. Hollon*, 39 M.J. 38 (C.M.A. 1993) (summary disposition), the appellant had two Army Achievement Medals and a Good Conduct Medal as well as lesser decorations; omission by the staff judge advocate of his awards and decorations was held to be plain error, citing *Demerse*.

All of these cases begin with the clear and obvious error of omitting information from the SJAR that was required by R.C.M. 1106(d)(3)(B). As already noted, that requirement was repealed by Executive Order 13468 of July 24, 2008. However, the cases retain their precedential value with regard to the question of prejudice. In our case, we have found clear or

obvious error in the misleading presentation of partial information. We proceed to the question of prejudice.

In *Thomas*, we held that the omission of the appellant's unit, service, and marksmanship decorations from the SJAR constituted error, but not plain error; we opined that plain error should be found only concerning decorations for service related to armed conflict. 39 M.J. at 1082. In so saying, we apparently overlooked *Hollon*, which did not involve decorations for armed conflict but did find plain error based on the omission of two Army Achievement Medals and a Good Conduct Medal.

The personal awards in this case tend to distinguish it from *Thomas* and *Lynch* and make it resemble *Hollon*. Given the provision of negative information along with omission of a Coast Guard Achievement Medal, a Letter of Commendation, and other positive information, we find that Appellant has established a colorable showing of possible prejudice.[3] We hold that plain error occurred in this case.

Our holding does not, as the Government seems to fear, require the SJAR to include every positive item found in an accused's service records. It merely requires that whatever is provided from the service records be a fair portrayal. If service records are not referenced in the SJAR, the fact that there are personal awards or other positive information in the service records that have gone unmentioned would not, in itself, be error. A very brief but balanced summary of service records would not be error. In this case, Appellant's service could have been accurately summarized by saying, for example, "After a rocky start, his career has been above average."

Accordingly, as requested, we remand for a new SJAR and a new action by the Convening Authority.

---

[3] We are inclined to say that a fair picture of Appellant's service should have reflected all the positive information contained in the record of trial, not only what is readily found in the PDRs. *See Thomas*, 39 M.J. at 1081. Some of the material in Defense Exhibit B, such as the second Coast Guard Achievement Medal, has no counterpart in Prosecution Exhibits 2 and 3, which purport to represent Appellant's service records. We note that R.C.M. 1106(d)(1) provides that the SJA "shall" use the record of trial in preparing the SJAR. If the SJA was using only the record of trial to the exclusion of any separate personnel records in preparing the SJAR, it remains obvious that the SJAR was unbalanced in the information selected to be presented, and the prejudice must be the same or greater. However, the information in Prosecution Exhibits 2 and 3 is enough to convince us that both the obvious error and the prejudice prongs of the plain error test are met.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. The action of the Convening Authority is set aside. The record is returned for a new SJAR and a new action. Thereafter, the record shall be returned to this Court for review of the sentence.

Judges McGUIRE and SELMAN concur.



For the Court,


Kalynn E. Hughes
Deputy Clerk of the Court